William D. Hyslop
United States Attorney
Eastern District of Washington
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY JON FRANKLIN,<br><br>Defendant. | NO: 2:18-CR-00220-WFN<br><br>PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Alison L. Gregoire, Assistant United States Attorney, submits the following briefing regarding restitution:

I.   STATEMENT OF FACTS

On May 13, 2019, this Court accepted Defendant's plea of guilty to distribution of child pornography, but deferred accepting the Fed. R. Crim. P. 11(c)(1)(C) plea agreement. The plea agreement indicated several restitution

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 1

requests had been received, but no precise restitution amount had been agreed upon by the parties.  Of note, no financial aspects were dealt with by the plea, and the agreement also noted the $5,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015, upon conviction, unless the Sentencing Court finds Defendant to be indigent, and that United States and Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

Since Defendant's change of plea, the parties have attempted to come to a resolution regarding the restitution requests received, which are summarized as follows:

| Series/Victim Name | # Images | Amount Requested |
|---|---|---|
| Blue Pillow<br>Attorney:  Carol Hepburn/Deborah Bianco | 20 | $5000 |
| Cindy<br>Attorney: Thomas Watson | 2 | $1,608,707 |
| Jan_Feb<br>Attorney: Christopher Peele | 90 | 00.00 |
| Jessica<br>Attorney:  James Marsh | 1 | $3,000 |
| Marineland1<br>Attorney: Carol Hepburn | 1 | $55,000 |
| Tara | 5 | $18,136.40 |
| Vicky<br>Attorney: Carol Hepburn | 2 | $10,000 |

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 2

The previous awards as reported to the Child Exploitation and Obscenity Division for the Department of Justice for the series seeking restitution are attached. (Attachment 1, filed restricted).

Defendant's devices contained a total of 33,909 images and 534 video files. These are the only victims seeking restitution.

## II.   ABILITY TO PAY

The Defendant's ability to pay restitution is immaterial to the Court's determination of the restitution owed to the victims. Section 366(f)(1)(A) of Title 18 specifically states, "In each order of restitution, the court <u>shall order restitution to each victim in the full amount of each victim's losses</u> as determined by the court and <u>without consideration of the economic circumstances of the defendant</u>." (emphasis added). *See generally In re Morning Star Packing Co., LP*, 711 F.3d 1142, 1144 (9th Cir. 2013) ("district court committed legal error in denying restitution because of [defendant's] claimed financial status and the potential availability of civil remedies"); *United States v. Matsumaru*, 244 F.3d 1092, 1108 (9th Cir. 2001) ("if the defendant is subject to the Mandatory Victims Restitution Act ('MVRA'), the district court need not assess the defendant's ability to pay restitution"). Defendant's ability to pay is only relevant to the Court's determination of whether the restitution should be paid immediately in a lump sum, or paid in installments over a period of time. 18 U.S.C. § 3664(f)(2); *United States*

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 3

*v. Curran*, 460 F. App'x 722, 724–25 (9th Cir. 2011) ("Although the court could not consider Curran's financial condition in imposing restitution, it must do so when fashioning a payment schedule for it"). Thus, the Court should order restitution in the full amount sought by the Government, as explained in detail below, without regard to the Defendant's ability to pay.

In terms of the JVTA special assessment in the amount of $5,000, the statute mandates the imposition of that assessment unless the Defendant is indigent. 18 U.S.C. § 3014(a) ("the court shall assess an amount of $5,000 on any non-indigent person . . ."). Here, Defendant is non-indigent.

Although the Defendant did not provide a full description of his financial assets to Probation, he did disclose some information. 18 U.S.C. § 3664(d)(3) ("Each defendant shall prepare and file with the probation officer an affidavit fully describing the financial resources of the defendant, including a complete listing of all assets owned or controlled by the defendant as of the date on which the defendant was arrested … and such other information that the court requires relating to such other factors as the court deems appropriate.") Defendant's limited disclosure indicates he has annual earnings of approximately $60,000 and that he owes $80,000 on his home.  He also owns several older vehicles. Defendant has no wife, children, or other dependents. Defendant failed to provide any information regarding on hand or savings, there is no mention of a pension or other retirement

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 4

account or lack thereof, and there is no specific mention of the estimated $160,000 equity Defendant has in his home. Nonetheless, based on the information provided by Defendant, he is clearly "non-indigent" to justify the imposition of the $5,000 JVTA fine.

### III.    ARGUMENT

Pursuant to the Crime Victim's Rights Act (18 U.S.C. § 3771(a)(6)) and the Mandatory Restitution for Sexual Exploitation of Children Act (18 U.S.C. § 2259), the United States does intend to seek restitution, on behalf of the victims seeking restitution, at sentencing. As noted above, Section 3664(f)(1)(A) of Title 18 specifically states: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." Of note, the substantial majority of Defendant's victims are not seeking restitution.

On December 7, 2018, the Amy, Vicky, and Andy Child Pornography Victim Restitution Act of 2018 was signed into law. The law is not retroactive and is not applicable to this case, since Defendant's charged misconduct predates December 7, 2018, by approximately six months. However, the law is informative in determining an appropriate amount of restitution when the amounts sought range from nothing to over 1.5 million dollars. Once the law is in effect, the Court "shall order" restitution in an amount that reflects defendant's "relative role in the causal

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 5

process that underlies the victim's losses," but not less than $3,000 in restitution per victim. [Sec. 3]. Additionally the new law will call for an *additional* assessment up to $17,000 for a conviction of possession or access with intent to view. [Sec. 5].

Again, the Government does not argue the Court *must* impose at least $3,000 in restitution in this case per victim, as the law is inapplicable to Defendant, giving the timing of his misconduct. Instead, the Government argues the $3,000 is a good starting point in determining what is reasonable. Thus, the Government is seeking the following restitution amounts:

| Series/Victim Name | # Images | Amount Sought by The United States |
|---|---|---|
| Blue Pillow<br>Attorney: Carol Hebpburn/Deborah Bianco | 20 | $5,000 (given the number of images and that $5,000 was requested) |
| Cindy<br>Attorney: Thomas Watson | 2 | $3,000 |
| Jan_Feb<br>Attorney: Christopher Peele | 90 | 00.00 |
| Jessica<br>Attorney: James Marsh | 1 | $3,000 |
| Marineland1<br>Attorney: Carol Hepburn | 1 | $3,000 |
| Tara | 5 | $5,000 (given the number of images) |
| Vicky<br>Attorney: Carol Hepburn | 2 | $3,000 |
| **TOTAL** | | **$22,000.00** |

Finally, as addressed above, Defendant's ability to pay the foregoing restitution amounts is immaterial to the Court's imposition of the restitution. *See*

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 6

18 U.S.C. § 3664(f)(1)(A). Accordingly, the Government requests that the Court order restitution in full in the amount of $22,000.

Respectfully submitted this 1st day of October 2019.

William D. Hyslop
United States Attorney


*s\ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney

CERTIFICATION

I hereby certify that on October 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Jeffry Finer
421 West Riversides, Suite 1081
Spokane, WA  99201


*s\ Alison L. Gregoire*
Alison L. Gregoire
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone:  (509) 353-2767

PLAINTIFF'S BRIEFING REGARDING RESTITUTION REQUESTS - 7